UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| ELAINE L. CHAO, | ) |
|   Secretary of the United States | ) Civil Action No. 1:05CV1935 |
|   Department of Labor, | ) |
|  | ) JUDGE ALDRICH |
|                 Plaintiff, | ) |
| v. | ) |
|  | ) |
| ALAN CHERMAK, et al., | ) |
|  | ) |
|                 Defendants. | ) |
|  | ) |

**CONSENT ORDER WITH DEFENDANT TRUSTEES**

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor ("Secretary"), and Defendants Alan Chermak, Ken Castro, Donald Skala, Jr. and Robert Finley ("Defendant Trustees"), have negotiated an agreement to settle all civil claims and issues between them in this action, and each consents to the entry of this Consent Order by the Court as the sole and complete memorialization of the terms of such agreement, which is fully integrated. There are no separate oral, implied, written, or collateral agreements, other than as expressly set

forth herein and in the contemporaneously filed Consent Order with Sheet Metal Workers Local No. 33 Cleveland Pension Plan ("the Plan").

1. This action was filed by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended. The complaint alleges that the Defendant Trustees violated provisions of Title I of ERISA while acting in a fiduciary capacity with respect to the Plan, which is an employee benefit plan subject to the coverage of ERISA, in connection with the Plan's investments managed by Capital Consultants, LLC ("CCL"). The Plan is joined as a party defendant pursuant to Rule 19, Fed. R. Civ. P., in order to ensure that complete relief can be granted.

2. The Defendant Trustees acknowledge service of the complaint and admit that the Court has jurisdiction over the parties and the subject matter of this action.

3. The Secretary and the Defendant Trustees expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all of the civil claims and issues arising between them in this action without trial or adjudication of any issue of fact or law raised in the complaint.

4. The Defendant Trustees each expressly acknowledge and represent that they have read this Order and understand its provisions. The undersigned attorneys each expressly acknowledge and represent that they are authorized and empowered to execute this Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Order.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

## I. JURISDICTION

The Court has jurisdiction over the parties to this Order and subject matter of this action and is empowered to provide the relief herein.

## II. COMPLIANCE

A. The Defendant Trustees will discharge their duties to the Plan in compliance with ERISA and not take any action in the discharge of such duties that is inconsistent with their fiduciary obligations under ERISA or under any court orders entered in connection with litigation relating to the Plan.

B. The Defendant Trustees either have resigned from their positions as trustees of the Plan or will resign as trustees of the Plan within a reasonable amount of time.

## III. MONETARY RELIEF

A. The Defendant Trustees will cause to be paid by their fiduciary liability insurance carrier(s) a total of $625,000 (six hundred twenty-five thousand dollars) to fully settle the Secretary's claims against the Defendant Trustees as described above, as well as the statutory penalty set forth in ERISA § 502(l), 29 U.S.C. § 1132(l), in connection with the settlement of this case. Pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and the regulations thereunder, the Secretary has determined that the statutory penalty is $125,000 (one hundred twenty-five thousand dollars).

B. The Defendant Trustees will cause to be paid by their fiduciary liability insurance carrier(s) all amounts set forth in paragraph A above in the following manner: payment of $625,000 (six hundred twenty-five thousand dollars) to the Plan will be made within ten (10) days

3



of entry of this Order, and payment of $125,000 (one hundred twenty-five thousand dollars) will be paid to the United States Treasury in the time and manner provided by ERISA § 502(l), 29 U.S.C. § 1132(l), and the regulations thereunder, by forwarding a check or other instrument in the appropriate amount to:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 70942
> Charlotte, NC 28272-0942

Or via overnight courier (i.e. Federal Express) to:

> U.S. Department of Labor
> QLP Wholesale Lockbox - NC0810
> Lockbox # 70942
> 1525 West WT Harris Blvd
> Charlotte, NC 28262

The check or other instrument shall be made payable to the United States Department of Labor and shall reference EBSA Case No. 43-003894 (48).

## IV. PRESERVATION OF CLAIMS AND DEFENSES

Nothing in this Order shall be construed as a declaration by the signatories to this Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from the Plan, any Plan trustee, any person signatory hereto, or the Secretary.

## V. NOTICE

Provisions of this Order requiring notice to the Defendant Trustees shall be satisfied by delivering it in writing to the Defendant Trustees in care of:

4



> Ms. Heather Castro
> Administrative Manager
> 12515 Corporate Drive
> Parma, OH 44130
> Phone: (216) 267-3344
> Fax: (216) 267-3345

with a duplicate delivered to:

> Albert J. Lucas
> Calfee, Halter & Griswold LLP
> 1100 Fifth Third Center, 21 East State Street
> Columbus, Ohio 43215-4243
> Phone: (614) 621-1500
> Fax: (614) 621-0010

Provisions of this Order requiring notice to the Secretary shall be satisfied by delivering it in writing to:

> Joseph Menez
> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> 1885 Dixie Highway, Suite 210
> Ft. Wright, KY 41011-2664
> Phone: (859) 578-4680
> Fax: (859) 578-4688

with a duplicate delivered to:

> Timothy D. Hauser
> Associate Solicitor
> U.S. Department of Labor
> Plan Benefits Security Division
> 200 Constitution Avenue, N.W., Room N-4611
> Washington, DC 20210
> Phone: (202)693-5600
> Fax: (202)693-5610

5



Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Order, by delivery to the address to which notice would be sent.

## VI. RELEASES

A. The present Order represents a full, final and complete judicial resolution of all of the civil claims alleged in the Secretary's complaint against the Defendant Trustees in this action, and all such claims are hereby released, settled and dismissed with prejudice. Neither the Secretary nor the Defendant Trustees or Plan waives any claims against any other persons. The Secretary's claims for monetary and injunctive relief and the Defendant Trustees' and Plan's claims for monetary and equitable relief against any other persons are expressly preserved. Nothing in this order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing except for the Defendant Trustees who are released as described herein.

B. The Secretary hereby releases the Defendant Trustees from all civil actions, claims and demands arising under any statute, rule or regulation enforced by the Secretary that relate in any manner to the Plan's investments managed by CCL.

C. Each of the Defendant Trustees signatory hereto and, where applicable, their agents, beneficiaries, representatives, assigns and successors in interest, do hereby release the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under any statute, rule or regulation, that relate in any manner to the filing,

prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto.

D. The Secretary and the Defendant Trustees shall bear their own costs, expenses, and attorney's fees in connection with this action.

## VII. RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Order.

## VIII. PARTIES BOUND

By entering into this Order, each Defendant Trustee represents that he or she has been informed by Counsel of the effect and purpose of this Order and agrees to be bound by its terms. The Defendant Trustees expressly represent that they will abide by any further Orders of this Court, subject to their right to appeal from such orders. This Order is not binding on, or enforceable by, any governmental agency other than the United States Department of Labor.

## IX. SIGNATORIES

The Defendant Trustees each expressly acknowledge and represent that they have read this Order and understand its provisions. All undersigned attorneys expressly acknowledge and represent that they are authorized and empowered to execute this Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Order.

## X. MULTIPLE ORIGINALS

This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

7



## XI. ENTRY OF JUDGMENT

The Court finds that there is no just reason to delay the entry of this Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Order.

ENTERED: 5-14-08        s/Ann Aldrich
                        ANN ALDRICH
                        United States District Judge

8

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Order:

       FOR   ELAINE L. CHAO
                  Secretary of Labor

                 JONATHAN L. SNARE
                 Acting Solicitor of Labor

                 TIMOTHY D. HAUSER
                 Associate Solicitor
                 Plan Benefits Security Division

                 RISA D. SANDLER
                 Counsel for Fiduciary Litigation

BY: _____
GLENN M. LOOS, Esq.
ROBIN SPRINGBERG PARRY, Esq.
Senior Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
U.S. Department of Labor
P.O. Box 1914
Washington, DC 20013-1914
Phone: (202)693-5600
Fax:   (202)693-5610

9



DEFENDANT TRUSTEES:

_____
ALAN CHERMAK

*[signature]* TRUSTEE
KEN CASTRO

_____
DONALD SKALA, JR

_____
ROBERT FINLEY

*Civil Action No. 1:05CV1935*

DEFENDANT TRUSTEES:

_____
ALAN CHERMAK

_____
KEN CASTRO

_____
DONALD SKALA, JR

_____
ROBERT FINLEY

10

DEFENDANT TRUSTEES:

_____
ALAN CHERMAK


_____
KEN CASTRO

*[signature]*
_____
DONALD SKALA, JR


_____
ROBERT FINLEY

10

DEFENDANT TRUSTEES:

_____
ALAN CHERMAK

_____
KEN CASTRO

_____
DONALD SKALA, JR

*Robert Finley* (signature)
_____
ROBERT FINLEY

10