UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELAINE L. CHAO, | ) |
| Secretary of the United States | ) Civil Action No. 1:05CV1935 |
| Department of Labor, | ) |
| | ) JUDGE ALDRICH |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ALAN CHERMAK, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CONSENT ORDER WITH SHEET METAL WORKERS
LOCAL NO. 33 CLEVELAND DISTRICT PENSION PLAN**

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor

("Secretary"), and Defendant Sheet Metal Workers Local No. 33 Cleveland District Pension Plan

("Plan"), through its trustees, have negotiated an agreement to settle all civil claims and issues

between them in this action, and each consents to the entry of this Consent Order by the Court as

the sole and complete memorialization of the terms of such agreement, which is fully integrated.

There are no separate oral, implied, written, or collateral agreements, other than as expressly set forth herein and in the contemporaneously filed Consent Order with the Defendant Trustees.

1. This action was filed by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended. The complaint alleges that certain trustees of the Plan ("Defendant Trustees"), violated provisions of Title I of ERISA while acting in a fiduciary capacity with respect to the Plan, which is an employee benefit plan subject to the coverage of ERISA, in connection with the Plan's investments managed by Capital Consultants, LLC ("CCL"). The Plan is joined as defendant pursuant to Rule 19, Fed. R. Civ. P., in order to ensure that complete relief can be granted.

2. The Plan, through its trustees, acknowledge service of the complaint and admit that the Court has jurisdiction over the parties and the subject matter of this action.

3. The Secretary and the Plan, through its trustees, expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Order ("Order") as a full and complete resolution of all of the civil claims and issues raised in the complaint with respect to injunctive relief against the Plan without trial or adjudication of any issue of fact or law raised in the complaint. This agreement made by each of the Plan, through its trustees, memorializes actions that the Plan, through its trustees, has always taken, continues to take, or has herein agreed to take, in the interest of protecting the Plan and **its** participants and beneficiaries.

4. The Plan's trustees each expressly acknowledge and represent that they have read this Order and understand its provisions. The undersigned attorneys

2

each expressly acknowledge and represent that they are authorized and empowered to execute this Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Order.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

## I. JURISDICTION

The Court has jurisdiction over the parties to this Order and subject matter of this action and is empowered to provide the relief herein.

## II. COMPLIANCE

A. The Plan shall operate in full compliance with ERISA.

B. The Plan, through its trustees,[1] shall enter into written contracts that all administrators, advisors, agents, consultants, counsel, custodians, employees, fiduciaries, officers, investment and professional service providers,[2] trustees, representatives in any capacity, and all persons who serve in any capacity involving decision-making authority or custody or control of the monies or assets of the Plan, as a condition of maintaining their respective relationships with the Plan, discharge their duties to the Plan in compliance with ERISA (to the extent that their relationship to the Plan is governed by ERISA) and not take any action in the

---

[1] As used in this Order, "trustees" means the Plan's current trustees at the time of signing this Order and all successor trustees.

[2] As used in this Order, "service provider" means "a person providing services" within the meaning of Section 3(14)(B) of ERISA, 29 U.S.C. § 1002(14)(B), and includes auditors, benefit consultants, accountants, attorneys, custodians, investment monitors, investment managers, investment analysts, publicists, and a person from whom the Plan purchases goods or services on a regular and recurring basis. "Person" means a "person" within the meaning of Section 3(9) of ERISA, 29 U.S.C. § 1002(9), and includes individuals, corporations, partnerships, associations, and employee organizations.

discharge of such duties that is inconsistent with the Plan's full compliance with ERISA or with the Plan's performance of the undertakings in this Order.

C. The Plan, through its trustees, shall take whatever action is appropriate, consistent with the trustees' fiduciary responsibilities under ERISA and consistent with the applicable collective bargaining agreements, to the extent that such bargaining agreements are consistent with ERISA, to protect Plan assets to ensure that the Plan's participants and beneficiaries have received, are receiving and will continue to receive all of the benefits to which they are entitled pursuant to ERISA and the documents and instruments governing the Plan. Such action may include but is not limited to litigation to recoup Plan losses as set forth in paragraph L below.

D. The Plan, through its trustees, shall establish, implement and maintain internal controls and procedures, consistent with ERISA and the terms of this Order, pursuant to which the appropriate Plan fiduciaries shall review, monitor and evaluate all investment monitoring and investment management services rendered to the Plan, the performance and conduct of each such service provider and the compensation arrangements for such services.

E. The Plan, through its trustees, shall make reasonable efforts to solicit bids from several persons capable of performing investment monitoring or investment management services reasonable and necessary for the operation of the Plan, prior to purchasing (or entering into agreements to purchase) such services and prior to renewing any agreement to purchase such services.

F. The Plan, through its trustees, shall establish, implement and maintain written investment guidelines for every Investment Manager which manages any portion of the Plan's investment portfolio. The Plan's investment guidelines must be determined by the appropriate Plan fiduciaries consistent with their fiduciary responsibilities under ERISA. Any advisor or

4

consultant who participates in developing the Plan's investment guidelines must be independent of, and have no personal, business or financial relationship with, any Plan Investment Manager. The Plan fiduciaries shall not amend such investment guidelines at any time or in any manner whatsoever unless it is consistent with their fiduciary responsibilities to do so.  If amendments are proposed, the reasons for the proposal must be stated in writing, with copies of the written reasons provided, at a minimum, to each Plan trustee and to the Plan's Investment Monitor. Nothing herein shall preclude the Funds' trustee, Investment Monitor or other advisor or consultant from soliciting an Investment Manager's review of and comments on proposed investment guidelines for that Investment Manager prior to adoption thereof by the trustees.

G.  The Plan, through its trustees, shall establish written procedures for communication of information regarding investments and Investment Managers between and among the trustees, the Plan's staff, and the Plan's service providers (including but not limited to the Plan's actuaries, administrators, auditors, counsels and custodians).

H.  The Plan's trustees shall meet at least quarterly to discuss Plan matters, including but not limited to the conduct and performance of each of the Plan's service providers providing investment monitoring or investment management services to ensure that they each are in compliance with ERISA and have not taken any action that is inconsistent with the Plan's performance of the undertakings in this Order.  The Plan, through its trustees, shall record and maintain minutes of each trustee meeting.  The meeting minutes shall provide a complete and accurate report of what transpired at each meeting regarding Plan investments, including all persons present, presentations made, opinions presented, discussions held, and votes taken.

I.  The Plan, through its trustees, shall, on a regular and ongoing basis, review and monitor the conduct of the Plan's trustees to ensure that they each are discharging their duties to

the Plan in compliance with ERISA and have not taken any action in the discharge of such duties that is inconsistent with the Plan's performance of the undertakings in this Order.

    J.  The Plan, through its trustees, shall provide a copy of this Order to, at a minimum, the Plan's actuaries, administrators, auditors, counsels, investment managers, investment monitors and trustees within ten (10) business days after its effective date or prior to the commencement of relationships with the Plan, whichever is later, for a period of five (5) years.  The Plan, through its trustees, shall require that all such individuals and entities, as a condition of maintaining their respective relationships with the Plan, execute a written acknowledgement within ten (10) business days acknowledging receipt of the Order.  Copies of such acknowledgements shall be maintained by the Plan and provided to the Department of Labor upon request and without a subpoena.

    K.  The Plan, through its trustees, shall take such action as is appropriate and consistent with the trustees' fiduciary responsibilities under ERISA against any trustees, including but not limited to Defendant Trustees, whom the trustees reasonably conclude, with the advice of counsel, have failed to discharge their duties to the Plan in compliance with ERISA, have taken any action in the discharge of such duties that is inconsistent with the Plan's performance of the undertakings in this Order or otherwise have failed to comply with this Order.  Such action may include removing trustees, taking steps to remove trustees, or recommending the removal of trustees, as authorized under the Plan's governing documents.  However, it is understood that, the Plan and its trustees have reasonably concluded, with the advice of counsel, not to take any action against any of its current or former trustees with respect to any Plan investment managed by Capital Consultants.

L.  The Plan, through its trustees and with the advice of counsel, when it is consistent with their fiduciary responsibilities to do so, considering the magnitude of any losses and the likelihood of recouping such losses compared with the expenses that would be incurred in litigation, shall institute litigation for appropriate relief (including monetary and injunctive relief, as well as removal of breaching fiduciaries) against any of the individuals and entities described in paragraph B above, including but not limited to current or former fiduciaries or service providers, who have failed or are failing to act prudently in performing services for the Plan, or who have committed or are committing actionable breaches with respect to the Plan, in order to recoup any losses the Plan may have suffered or might suffer due to said imprudence or breach.

### III. MONITORING

A.  The Plan, through its trustees, shall retain experts in the field of reviewing Investment Managers to serve as the Plan's independent Investment Monitor (previously and hereafter referred to as the "Investment Monitor").  The Investment Monitor shall assist the Plan in evaluating each candidate seeking to serve as one of the Plan's Investment Managers and shall monitor the performance of the Plan's existing and future Investment Managers as set forth in paragraphs B, C and D below.  The Investment Monitor must have the experience and qualifications necessary to review and monitor the types of investments made by every Investment Manager on behalf of the Plan.  The process by which candidates for Investment Monitor are identified, and the process by which an Investment Monitor is selected, shall be documented.  The Plan shall notify the Secretary in writing of the termination of the current Investment Monitor and the appointment of a new Investment Monitor within ten (10) business days of such action.  Nothing in this Section III shall preclude the Plan from retaining its present Investment Monitor provided that the Investment Monitor complies with this Order and provided

7

that this provision does not constitute the Secretary's endorsement or approval of any particular Investment Monitor.

B. With respect to each of the Plan's Investment Managers, the Investment Monitor shall, at least quarterly, perform the following duties, at a minimum:

(1) review the portfolio of the Investment Manager for compliance with the Plan's investment guidelines;

(2) review the Investment Manager's quarterly report, and compare that report in material respects with information provided by the Plan's custodian;

(3) compute the rate of return for the Investment Manager by asset class and on an overall basis;

(4) compare the investment results of the Investment Manager with appropriate and valid indices or benchmarks;

(5) assess the type and degree of risk associated with the investments made by the Investment Manager on behalf of the Plan;

(6) review the basis on which assets under the Investment Manager's control are valued;

(7) review the Investment Manager's fee and verify its accuracy; and

(8) provide to the Plan and to each of its trustees a written report reviewing all of the matters described in this paragraph.

C. With respect to each of the Plan's Investment Managers, the Investment Monitor shall, at least annually, perform the following duties at a minimum:

(1) meet (in person or by telephonic or video conference) with the Investment Manager and review the Investment Manager's investment performance and any significant

8

changes in corporate or capital structure, investment philosophy, brokerage affiliation or practices, investment process, and professional staff;

(2) evaluate the Investment Manager's practices regarding brokerage and trading, including, at a minimum, portfolio turnover, trading costs, quality of trade execution, and any irregularities or concerns with respect to the brokers and dealers employed by the Investment Manager that may adversely affect the Plan;

(3) review the Plan's proxy voting policies and performance;

(4) review the Plan's cash management and short-term investment procedures and performance;

(5) review the overall performance of, and continued retention of, the Plan's custodian;

(6) review procedures for communication of information regarding investments and Investment Managers among the trustees, the Plan's staff, and the Plan's service providers (including but not limited to the Plan's attorneys, actuaries and custodians), and recommend new procedures as appropriate; and

(7) provide to the Plan and to each of its trustees a written report reviewing the matters described in this paragraph.

D.  Notwithstanding and in addition to the quarterly and annual reports required by paragraphs B and C above, the Investment Monitor shall, whenever appropriate and in a timely manner consistent with the Investment Monitor's fiduciary duties under ERISA:

(1) promptly advise the Plan's trustees in writing of any irregularities whatsoever with respect to the investment of the Plan's assets or the performance of the Plan's Investment Managers;

(2) promptly advise the Plan's trustees in writing of any possible violations of ERISA, or the regulations promulgated thereunder, committed by any of the Plan's Investment Managers, and of any acts committed by the Plan's Investment Managers that might possibly violate the terms of this Order; and

(3) make written recommendations to the trustees, as appropriate, including but not limited to recommendations concerning: (a) the selection of any new Investment Manager; (b) the removal of any existing Investment Manager; (c) the revision of investment guidelines for the Plan or for any Investment Manager; (d) a change in the amount of assets to be managed by any Investment Manager; or (e) any other investment matter pertaining to the assets being managed by any Investment Manager.

E.  The Plan, through its trustees, shall retain expert Investment Managers to serve as the Plan's Investment Managers (previously and hereafter referred to as the "Investment Managers"). The process by which candidates for Investment Manager are identified, and the process by which Investment Managers are selected, shall be documented.  In evaluating the candidate seeking to serve as one of the Plan's Investment Managers, the Plan, through its trustees, shall obtain from the candidates, at a minimum, the following types of information and, as appropriate, supporting documentation:

(1) whether the candidate qualifies as an Investment Manager pursuant to ERISA § 3(38), ERISA, 29 U.S.C. § 1002(38);

(2) the business structure and affiliations of the candidate;

(3) the financial condition and capitalization of the candidate, and the total amount of assets under the control of the candidate;

(4) a description of the investment philosophy of the candidate;

10

(5) a description of the investment process to be followed by the candidate;

(6) the proposed fee structure;

(7) the identity, experience and qualifications of the professionals who will be involved in handling the Plan's account;

(8) whether, within a reasonably relevant time period, any relevant litigation or enforcement actions have been initiated against the candidate, the candidate's officers or directors, or the candidate's investment professionals who will have responsibility for the Plan's account;

(9) a description of the experience and performance record over an appropriate time period of the candidate and its investment professionals, including experience managing other employee benefit plan assets;

(10) whether the candidate has and would propose to utilize the services of an affiliated broker/dealer and, if so, the types of transactions for which such affiliates would be used and the financial arrangement with the broker/dealer;

(11) the procedures to be employed by the candidate to comply with ERISA's prohibited transaction restrictions, including whether the candidate is a Qualified Professional Asset Manager;

(12) whether the candidate has fiduciary liability or other insurance that would protect the Plan in the event of fiduciary breaches; and

(13) any other appropriate and relevant information.

The candidate's key references shall be checked, and material information provided by the candidate shall be independently verified by the Investment Monitor or with reliable independent

11

sources. Nothing in this Section III shall preclude the Plan from retaining its present Investment Manager, provided that the Investment Manager complies with this Order and provided that this provision does not constitute the Secretary's endorsement or approval of any particular Investment Manager.

   F. The Investment Managers shall execute written contracts with the Plan, specifying the terms and conditions of each Investment Manager's relationship with the Plan. All current and future Investment Managers retained by the Plan must be registered under the Investment Advisers Act of 1940, as amended, or be exempt from such registration under ERISA § 3(38), 29 U.S.C. § 1002(38). In addition, all Investment Managers must acknowledge, in writing, that they are "investment managers" and "fiduciaries" with respect to the Plan, as those terms are defined in ERISA, and the regulations promulgated thereunder. Furthermore, each contract the Plan enters into with an Investment Manager shall specify, at a minimum:

   (1) the authority of the Investment Manager to invest and reinvest the Plan's assets;

   (2) that the Investment Manager will perform its duties with respect to the Plan with the care, skill, prudence, and diligence, under the circumstances then prevailing, that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and shall diversify the investments of the Plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so;

   (3) the Plan's investment policy, as it pertains to that Investment Manager;

   (4) that the Investment Manager will comply with the Plan's investment policy insofar as it is consistent with ERISA;

(5) that the Investment Manager will comply with the Investment Monitor's requests for information and will submit to the Plan and each of its trustees, at least quarterly, a report with respect to the valuation of the Plan's portfolio managed by the Investment Manager, as well as any reports as may be required from time to time pursuant to ERISA and interpretations thereof by the United States Department of Labor;

(6) that a representative of the Investment Manager will be available for personal consultation with the Plan, through its trustees, and with the Investment Monitor;

(7) all and any fees to be paid to the Investment Manager as compensation for the Investment Manager's services to the Plan;

(8) that the Investment Manager must take any actions necessary regarding securities held by the Plan, and do so in a manner consistent with increasing the value of the Plan's assets, and consistent with the Investment Manager's fiduciary duties under ERISA;

(9) if the Investment Manager is responsible for voting stock proxies, that the Investment Manager must vote any stock proxies the Plan is eligible to vote, and do so in a manner consistent with increasing the value of the Plan's assets, and consistent with the Investment Manager's fiduciary duties under ERISA, and must keep accurate records of its proxy voting on behalf of the Plan, and must report to the Plan's trustees, on a regular basis, regarding the manner in which any such proxies are voted;

(10) the required communication and coordination between the Investment Manager and the Plan's custodian; and

(11) that the Investment Manager may be removed by the Plan, through its trustees, upon no more than thirty (30) days' notice in writing.

13

G.  The Plan, through its trustees, shall retain an independent qualified public accountant, with expertise in employee benefit plan auditing matters, to serve as the Plan's auditor (the "Auditor").  The Auditor shall execute a written contract with the Plan, specifying the terms and conditions of the Auditor's relationship with the Plan.  The Auditor shall, at a minimum, conduct an independent audit of the Plan's records each plan year, in accordance with generally accepted auditing standards, to determine whether the financial statements are fairly presented in accordance with generally accepted accounting principles.  Additionally, the Auditor shall prepare any and all auditing-related reports of the Plan which are required by Title I of ERISA and the regulations promulgated thereunder.  Nothing in this Section III shall preclude the Plan from retaining its present Auditor, provided that the Auditor complies with this Order and provided that this provision does not constitute the Secretary's endorsement or approval of any particular Auditor.  The contract to be entered into by and between the Plan and the Auditor shall specify, at a minimum:

(1) that the Plan shall have the right to terminate the services of the Auditor upon no more than thirty (30) days' advance written notice to the Auditor;

(2) the duties of the Auditor with respect to the Plan; and

(3) the fees to be paid to the Auditor by the Plan for the work performed by the Auditor in connection with its duties with respect to the Plan.

H.  The Plan, through its trustees, shall retain attorneys experienced in employee benefits law to serve as the Plan's counsel ("Counsel").  Counsel shall assist the Plan's trustees and the Plan in complying with the requirements of ERISA and all federal and state laws, regulations, and rules.  Counsel shall, at a minimum, draft or comprehensively review all contracts to be entered into by and between the Plan and the Plan's various service providers, including but not

14

limited to its Investment Monitors, Investment Managers, and Auditors. The Plan's trustees shall advise Counsel of all non-de minimis actions they are contemplating or have taken with respect to the administration of the Plan or the management of the Plan's assets, and Counsel shall advise the trustees, when necessary, of the legality of such actions, and shall opine, when necessary, as to whether such actions comply with the provisions of this Order. The Investment Monitor, and not Counsel, shall be responsible for monitoring the Investment Managers pursuant to paragraphs A-D, above. Nothing in this Section III shall preclude the Plan from retaining its present Counsel, provided that the Counsel complies with this Order and provided that this provision does not constitute the Secretary's endorsement or approval of any particular Counsel.

I. The Plan, through its trustees, shall require each other and each Investment Monitor, Investment Manager, Auditor and Counsel, at least annually, and any candidates for any of the foregoing positions, when applying for such positions, to certify in writing, to the best of their knowledge: (1) whether or not they, or any individual employed by or affiliated with them who is in a position to exercise fiduciary discretion over Plan assets or personally influence any individual in a position to exercise fiduciary discretion over Plan assets, have any personal, business or financial relationship with any Plan trustee, Investment Monitor, Investment Manager, Auditor or Counsel; (2) whether or not they, or any individual employed by or affiliated with them who is in a position to exercise fiduciary discretion over Plan assets or personally influence any individual in a position to exercise fiduciary discretion over Plan assets, have any personal, business or financial relationship with any relative (as defined in ERISA § 3(15)) of any Plan trustee; and (3) whether or not they, or any individual employed by or affiliated with them who is in a position to exercise fiduciary discretion over Plan assets or personally influence any individual in a position to exercise fiduciary discretion over Plan assets,

have any personal, business or financial relationship with any known affiliate of any Plan trustee, Investment Monitor, Investment Manager, Auditor or Counsel. If any such relationship exists, the written disclosure shall include with respect to each relationship, a description of its nature, the dates of its duration and a description of the compensation arrangement, if any, including fees or other consideration paid by or received by the parties to the relationship. The trustees shall require said disclosures from all of its Investment Monitors, Investment Managers, Auditors and Counsels, or candidates for any of the foregoing positions, prior to entering into, or renewing, any contract with any of the foregoing. If any such relationship exists, then the trustees shall review said relationship and all related circumstances in order to determine whether entry into or renewal of an agreement with that person would be prudent and consistent with ERISA and the regulations promulgated.

     J. Paragraphs A through D, relating to the retention of an Investment Monitor, need not be followed during a Plan year if: (1) the Plan's total assets averaged $5,000,000 (five million dollars) or less over the immediately preceding Plan year in the case of a health and welfare plan or $3,000,000 (three million dollars) or less over the immediately preceding Plan year in the case of any other type plan; (2) the Plan trustees determine, consistent with their fiduciary responsibilities under ERISA, that declining to retain an Investment Monitor would be prudent and otherwise in the best interests of the Plan and its participants and beneficiaries; and (3) the Plan's investment guidelines expressly prohibit the investment of any Plan assets in any private placements.

     K. Any investments currently held by the Plan that violate the terms of this Order because they are not managed by an Investment Manager or cannot be readily liquidated may continue to be held by the Plan, provided that the trustees determine in their discretion that

immediately liquidating or otherwise disposing of the investments would be harmful to the plan and provided further that the trustees agree to liquidate or otherwise dispose of the investments as soon as the trustees determine in their discretion that it is prudent to do so.  The parties expressly agree and acknowledge that this provision does not constitute the Secretary's endorsement or approval of the foregoing investments, her determination as to the prudence of the investments, or any finding as to whether fiduciary breaches may have occurred with regard to the investments.

L.  Nothing herein shall be construed: (1) to limit or to expand the powers and responsibilities of any officer or employee of the United States or to limit or expand the rights of Plan participants and beneficiaries under ERISA or any other law; or (2) to mean that the Plan, or any of its administrators, advisors, agents, consultants, counsel, custodians, employees, fiduciaries, officers, service providers, trustees, representatives in any capacity, or persons who serve in any capacity involving the authority to make decisions or custody or control of the monies or assets of the Plan, are relieved of any duty or responsibility under ERISA or any other law.

## IV.  PRESERVATION OF CLAIMS AND DEFENSES

Nothing in this Order shall be construed as a declaration by the signatories to this Order that any person not a signatory hereto has any defense or affirmative defense, any right or basis for contribution or indemnity or any other basis for recovery from the Plan, any Plan trustee, any person signatory hereto, or the Secretary.

## V. NOTICE

Provisions of this Order requiring notice to the Plan shall be satisfied by delivering it in

writing to the Plan in care of:

> Ms. Heather Castro
> Administrative Manager
> 12515 Corporate Drive
> Parma, OH  44130
> Phone:  (216) 267-3344
> Fax:      (216) 267-3345

with a duplicate delivered to:

> Michael E. Heffernan, Esq.
> Allotta, Farley & Widman Co., L.P.A.
> 2222 Centennial Road
> Toledo, Ohio 43617
> Phone:  (419) 535-0075
> Fax:      (419) 535-1935

Provisions of this Order requiring notice to the Secretary shall be satisfied by delivering it in

writing to:

> Joseph Menez
> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> 1885 Dixie Highway, Suite 210
> Ft. Wright, KY  41011-2664
> Phone:  (859) 578-4680
> Fax:      (859) 578-4688

with a duplicate delivered to:

> Timothy D. Hauser
> Associate Solicitor
> U.S. Department of Labor
> Plan Benefits Security Division
> 200 Constitution Avenue, N.W., Room N-4611
> Washington, DC  20210
> Phone:  (202)693-5600
> Fax:      (202)693-5610

Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Order, by delivery to the address to which notice would be sent.

## VI. RELEASES

A. The present Order represents a full, final and complete judicial resolution of all of the civil claims contained in this action between the Secretary and the Plan, and all such claims are hereby released, settled and dismissed with prejudice. The contemporaneously filed Consent Order with the Defendant Trustees resolves claims, as specified therein, that have been alleged in the Secretary's complaint against any of the Plan's current or former trustees relating to Plan investments managed by Capital Consultants. Neither the Secretary nor the Plan or the Defendant Trustees waive any claims against any other persons. The Secretary's claims for monetary and injunctive relief and the Defendant Trustees' and Plan's claims for monetary and equitable relief against any other persons are expressly preserved. Nothing in this Order is, nor is to be construed as, an admission or acknowledgment that any person or entity is in any way released from any liability or wrongdoing except for the Defendant Trustees who are released as described herein.

B. The Plan, each of the Plan trustees, each of the Defendant Trustees signatory hereto and, where applicable, their respective agents, administrators, beneficiaries, employees, representatives, assigns and successors in interest, do hereby release the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatever nature, including

19

those arising under any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto.

C. Each party to this Order shall bear its own costs, expenses, and attorney's fees in connection with this action.

## VII. RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Order.

## VIII. PARTIES BOUND; NO THIRD PARTY BENEFICIARIES

By signing this Order, each trustee of the Plan, on behalf of the Plan, hereby represents that he has been informed by Counsel of the effect and purpose of this Order and agrees to be bound by its terms. The Plan and its trustees expressly represent that they will abide by any further Orders of this Court. This Order is binding on all successor Plan trustees. This Order is not binding on, or enforceable by, any governmental agency other than the United States Department of Labor. Only the Secretary may bring contempt proceedings against the Plan and/or its trustees and only in this Court. This Order does not create any third party beneficiaries or any rights in any third party to this proceeding. Notwithstanding any of the foregoing, this Order does not deprive any Plan participants or beneficiaries of any rights that they may have under ERISA or any other law or of any protections afforded them under ERISA or any other law.

## IX. SIGNATORIES

The Plan trustees each expressly acknowledge and represent that they have read this Order and understand its provisions. All undersigned attorneys expressly acknowledge and

represent that they are authorized and empowered to execute this Order on behalf of the party represented and that they have fully disclosed any conflicts of interest relating to their representation for purposes of executing this Order.

## X.  MULTIPLE ORIGINALS

This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

## XI.  DURATION

The Plan, through its trustees, may petition the Court to modify or lift this Order for good cause shown after five (5) years from the date of its entry.

## XII.  ENTRY OF JUDGMENT

The Court finds that there is no just reason to delay the entry of this Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Order.

ENTERED: __5-20-08__

s/Ann Aldrich
_____
ANN ALDRICH
United States District Judge

21

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Order:

ELAINE L. CHAO
Secretary of Labor

JONATHAN L. SNARE
Acting Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

RISA D. SANDLER
Counsel for Fiduciary Litigation


GLENN M. LOOS
ROBIN SPRINGBERG PARRY
Senior Trial Attorneys
Plan Benefits Security Division
Office of the Solicitor
United States Department of Labor
P.O. Box 1914
Washington, DC  20013-1914
Phone:  (202)693-5600
Fax:      (202)693-5610
Counsel for Plaintiff


FOR THE PLAN:


William D. Brady II, Esq.
Allotta, Farley & Widman Co., L.P.A.
2222 Centennial Road
Toledo, Ohio 43617
Phone:  (419)535-0075
Fax:      (419)535-1935
Counsel for Sheet Metal Workers Local No. 33
 Cleveland Pension Plan